**OHIO-RIVER-FRANKFORT COOPERAGE CORPORATION, et al., Plaintiffs-Appellees, v. BRAINARD et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24288. Decided February 20, 1958.

Arthur J. Stern, J. R. Kistner, for plaintiffs-appellees.
Philip J. Hermann, Payne & Hermann, for defendants-appellants.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a judgment entered by the trial court at the conclusion of the taking of testimony upon consecutive motions for judgment, the defendants' motion seeking judgment against the plaintiffs on their petition and the plaintiffs' motion seeking judgment against the defendants on their cross-petition. The judgment entered was for the plaintiffs on their petition against the defendants, assessing damages in favor of the plaintiffs in the sum of $2,476.24, and entering judgment for the plaintiffs against the defendants on defendant's cross-petition.

The record discloses that this action came about as a result of a collision between plaintiff's (Ohio-River-Frankfort Cooperage Corporation) truck and defendant's (Howard Brainard) automobile, the accident occurring at 3:45 A. M., September 3, 1952 on Ohio Route No. 42, in the Village of Strongsville which is in Medina County. The plaintiff, The Employers' Fire Insurance Co., it is alleged was obligated to the plaintiff (Ohio-River-Frankfort Cooperage Corporation) by reason of a policy of collision insurance which required it to pay the Cooperage Company $1184.24 by reason of said collision and was subrogated to the insured's rights to that extent. The Cooperage Company's petition prayed for damages because of the alleged negligence of the defendant, Brainard, proximately causing damage to and loss of the use of its truck and trailer equipment. This was in addition to the amount claimed by the Insurance Company, as plaintiff, under its contract of subrogation. The defendant, upon leave, made the Farm Bureau Mutual Automobile Insurance Company, a new party defendant. Under a subrogation receipt, this new defendant claimed damages against the Cooperage Company by reason of loss sustained by it under a policy of collision insurance issued to the defendant, Brainard. Its loss, in the sum of $1129.21, was based on the alleged negligence of the plaintiff Cooperage Company in causing damage to defendant Brainard's automobile. The defendant Brainard also claimed damages for the balance of the damage to his automobile and for personal injuries as shown by such defendant's third amended cross-petition. The record shows that the defendant Brainard was arrested for careless driving as a result of this accident, was taken before the Mayor of Strongsville where he entered a plea of guilty to careless driving.

At the conclusion of the taking of testimony and after the parties had rested their cases, the plaintiffs entered a motion for judgment against the defendants on their third amended cross-petition. The principal basis for this motion, as shown by the record, was that defendant Brainard's plea of guilty to careless driving was an admission of negligence. After extended argument by all the parties, the court

overruled this motion. Thereupon the defendant (Brainard) moved for judgment on plaintiffs' petition, which motion was founded (as shown by the argument) on what the defendant claimed was admitted negligence of the plaintiff Cooperage Company's driver in failing to avoid the accident which it was said he could and should have done in the exercise of ordinary care by his own admissions. Counsel for the plaintiffs then presented his motion as follows: "The plaintiffs join in the defendants' motion, except that plaintiffs ask for judgment for a directed verdict in their favor on defendants' cross-petition, or in the alternative, that a juror be withdrawn and judgment entered for plaintiff on defendants' cross-petition and for judgment for the plaintiff on their petition." The record then shows the following proceedings:

"THE COURT: Well, now, then it seems that since both sides have made motions for a directed verdict, or, in the alternative—

"MR. HERMANN: Well,—

"THE COURT:—to enter judgment.

"MR. HERMANN:—on the one.

"THE COURT: This is a motion by the defendant for judgment on plaintiffs' petition.

"MR. HERMANN: Only there is no motion on the defendant's cross-petition at all.

"THE COURT: Well, now, then, under that situation the question presented by the petition and the answer thereto is a question to be decided by the Court and not by the jury.

"MR. HERMANN: I believe it is discretionary with the Court. However, we have the other problem.

"THE COURT: Pardon?

"MR. HERMANN: I believe it is discretionary; however, I won't say it is. However, you have the other problem, that is, that still the Court has not been submitted the question on the cross-petition.

"Now, it would be a very difficult matter to submit to a jury any question—

"THE COURT: Well, at the present time the Court is presented with motions for a directed verdict of both sides on the petition and the answer thereto and reply.

"Well, this will require just a few minutes' study, and so if you will stand by I will go into it, gentlemen.

"MR. HERMANN: Judge, could I make a suggestion in that regard—

"THE COURT: Yes.

"MR. HERMANN:—that would resolve it? Of course, that is for the Court's discretion or maybe the Court's right, whichever it is the Court can exercise.

"THE COURT: Yes.

"MR. HERMANN: As I see it, the Court doesn't have to rule on that matter. You can submit this to the jury and decide what to do afterwards.

"THE COURT: Well, I want to check some law on it. (Thereupon a recess was taken.)

"THE COURT: The Court has considered the respective motions of

the parties to this lawsuit and the motion by the defendant—defendants for judgment on the plaintiffs' petition is overruled.

"The motion by the plaintiffs for judgment on the plaintiffs' petition and the answer thereto is granted.

"The second part of the motion of the plaintiffs for judgment on the plaintiffs' third amended cross-petition—on the defendants' third amended cross-petition and answer and reply thereto is granted.

"* * *

"MR. HERMANN: Wait, your Honor. I don't follow that. There is no motion on that. The only motion made here is a motion on the part of the defendant for judgment on the plaintiffs' petition for this defendant.

"THE COURT: That is right. And that motion is overruled.

"MR. HERMANN: All right. Then the plaintiff made a motion on the same—on the plaintiff's petition, for judgment on the plaintiffs' petition, now, but there is no motion, whatsoever, before the Court or has been before the Court on the cross-petition.

"Now, how could the Court grant a motion upon that?

"THE COURT: At the conclusion of all the evidence in the case defendants move to enter judgment on the plaintiffs' petition. Before defendants' motion is ruled upon plaintiffs also move for judgment on the plaintiffs' petition and to direct a verdict for plaintiffs or, in the alternative, to arrest the case from the jury and enter judgment for plaintiffs on defendants' Brainard's cross-petition. Case arrested from jury. Motion of defendant is overruled. Motion of the plaintiffs is granted. Finding and judgment for the plaintiffs against defendant Brainard in the sum of $2,476.24, to be divided as follows:

"To Ohio-River-Frankfort Cooperage Corporation $1,292, and to the Employers' Fire Insurance Company $1,184.24. Finding and judgment in favor of Ohio-River-Frankfort Cooperage Company on the cross-petition of Howard Brainard and the Farm Bureau Mutual Automobile Insurance Company.

"MR. HERMANN: Your Honor, just a minute on this. In the first place, there is no motion on the second part at all. Now,—

"THE COURT: Now, if you will, when you get a chance, read the motion as presented by Mr. Kistner, you will find that the latter part of his motion is for judgment on the defendants' third amended cross-petition.

"MR. HERMANN: Well, but that doesn't take it away from the jury. I didn't join in that. That is not taken away from the jury. Now, I will grant you that the first part, the question on the petition, where they join in, the Court has the right, I do not contest that.

"However, your Honor, I never joined in the other motion."

The principal contention of the defendant, as shown by the quoted part of the record, and the argument that followed, is that the court having overruled the plaintiffs' motion for judgment on defendants' cross-petition, which was the first motion presented after both parties rested their respective cases, the motion entered by the defendants, in which the plaintiff then attempted to join, did not include a reconsideration of the plaintiffs' motion for judgment for plaintiffs on defendants'

cross-petition. There can be no doubt, however, that the plaintiffs, in joining with defendants on their motion for a directed verdict, attempted to bring into its motion a reconsideration of its right to judgment on the cross-petition. There could have been no purpose in the plaintiffs joining with the defendants on their motion for a directed verdict against the plaintiffs (after plaintiffs' motion, seeking judgment against the defendants as a matter of law, had been overruled) other than to withdraw the case from the jury and to submit questions of fact as well as of law in both the plaintiffs' case and that of the defendants to the court under the supposed authority of the case of **First National Bank v. Hayes & Sons, 64 Oh St 100,** 59 N. E. 893 (overruled in the case of **Carter-Jones Lumber Company v. Eblen, 167 Oh St 189,** hereinafter cited), where the Supreme Court held in the first paragraph of the syllabus:

"1. Where, at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, does not thereupon request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence."

The court, having once denied plaintiffs a judgment in their favor, both on its petition and on the cross-petition of the defendants, as a matter of law, must have, as is shown by the record, attempted to require the court to decide questions of fact as well as questions of law on the assumed proposition that the parties by their respective and consecutive motions, waived a jury and submitted the entire case to the court. It is to be noted, however, that the defendants did not expressly waive the right to submit their case to the jury. In fact, they directly objected to the court's action in proceeding without a jury after the last motions were presented.

Since the trial of this case in the trial court, the case of **The Carter-Jones Lumber Company v. Eblen, 167 Oh St 189,** overruled the authority of the Hayes case, supra, and those that have since followed it. The syllabus of this case provides:

"1. Where, at the conclusion of the evidence in a case, each party moves the court to direct the jury to render a verdict in his favor, the parties do not thereby clothe the court with the functions of a jury, but they merely request, by consecutive motions, rulings on separate questions of law, and the sole duty of the trial court at that time to render its decisions on the motions, unless there is an express waiver of the jury by both parties, as provided in §2315.20 R. C. (Paragraph **one** of the syllabus of **First National Bank v. Hayes & Sons, 64 Oh St 100,** paragraph **one** of the syllabus of **Strangward v. American Brass Bedstead Co., 82 Oh St 121,** Perkins v. Board of County Commissioners, **88 Oh St 495,** paragraphs **three and four** of the syllabus of **Industrial Commission v. Carden, 129 Oh St 344,** and paragraph **one** of the syllabus of **Levick v. Bonnell, 137 Oh St 453,** overruled.)

"2. Where the trial court, upon a consideration of consecutive mo-

14

tions for directed verdict, finds as a matter of law that reasonable minds could come to but one conclusion on the evidence, and that conclusion is in favor of one of the parties, it is the duty of that court to sustain the motion of such party and to overrule the motion of the other party, and the reviewable question is whether it erred as a matter of law in such rulings.

"3. Where the trial court, upon a consideration of consecutive motions for directed verdict, finds that it can as a matter of law sustain neither motion, then it is its duty to overrule both, and the question or questions of fact which it necessarily finds existent remain for determination by the jury, without the necessity of a request by counsel for submission thereto."

It being clear from the record that the court in reaching its conclusions both on the petition and on the cross-petition did not find that the plaintiffs were entitled to judgment against the defendants on their petition and on defendant's cross-petition as a matter of law. Under the authority of the case just cited (Lumber Company v. Eblen) which overruled the Hayes case, supra, relied on by the court, without an express waiver of a trial by jury, the defendants were entitled to have questions of fact presented by the pleadings submitted to the jury and to refuse to do so constituted prejudicial error.

The judgment is, therefore, reversed and the cause remanded for further proceedings according to law.

Exceptions noted.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.